UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUNCH PHILENTROPE,

    Petitioner,

-vs-                                                           Case No. 8:11-CV-2177-T-27TGW
                                                              Criminal Case No.8:08-CR-530-T-27TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts,[1] and finds, for reasons set forth below, that service of the motion is not required.

## BACKGROUND

Defendant entered a guilty plea to the charge of conspiracy to distribute, and possess with the intent to distribute five (5) kilograms or more of cocaine on May 5, 2009 (CR Dkts. 67, 69). He was sentenced on July 27, 2009, to serve a 240-month term of imprisonment followed by a 5 year term of supervised release (CR Dkts. 77, 81). Petitioner filed a timely notice of appeal of the judgment of conviction (CR Dkt. 82). On September 30, 2009, the Eleventh Circuit Court of Appeals dismissed

---

[1] Rule 4(b) provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Petitioner's appeal pursuant to Petitioner's motion to voluntarily dismiss his appeal (CR Dkt. 88).

On December 22, 2009, Petitioner filed a *pro se* notice of appeal of the July 27, 2009 judgment of conviction (CR Dkt. 89). On January 7, 2011, however, the Eleventh Circuit Court of Appeals dismissed Petitioner's appeal, finding that his December 22, 2009 notice of appeal was untimely to appeal the July 27, 2009 judgment of conviction (CR Dkt. 116).

## DISCUSSION

Title 28 U.S.C. § 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"). This law amended 28 U.S.C. § 2255 by adding the following provisions:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Because Petitioner's initial appeal was dismissed on September 30, 2009, his judgment of conviction became final ninety days later on December 29, 2009, when the time for filing a petition for writ of certiorari to the United States Supreme Court expired.[2] Consequently, his deadline for filing his § 2255 motion was December 29, 2010, but he did not file it until September 20, 2011.[3]

The Eleventh Circuit dismissed Petitioner's December 22, 2009 notice of appeal as untimely. An untimely filed notice of appeal does not toll the one year limitation period contained in § 2255. *See United States v. Smith*, 2000 U.S. App. LEXIS 11074, at *4 (10th Cir. 2000) ("Smith did not pursue her direct appeal within the applicable time limits and her unsuccessful efforts do not toll the statute of limitations."); *Staake v. United States*, 2007 U.S. Dist. LEXIS 51108, 2007 WL 2050939, at *2 (M.D. Fla. 2007) ("Petitioner's untimely filed notice of appeal did not alter the finality of her conviction, which became final ten days after the written judgment of conviction was entered on the criminal docket.").

Applying the rules set out in AEDPA to Petitioner's motion, the Court finds that it does not survive the bar created by the one-year limitation period and is therefore time-barred. A petitioner cannot file after the expiration of the one year period unless he is entitled to an equitable tolling of the statutory one year period. Petitioner has not established that he is entitled to equitable tolling of the

---

[2]*See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). *See also Latham v. United States*, 527 F.3d 651 (7th Cir. 2008) (following voluntary dismissal of direct appeal, AEDPA limitation period did not begin to run until 90 days for seeking certiorari review expired); *U.S. v. Gentry*, 432 F.3d 600, 604 n.2 (5th Cir. 2005); *Brandon v. McNeil*, 2009 U.S. Dist. LEXIS 129755, *12, 2009 WL 559530, at *4 (N.D. Fla. Mar. 4, 2009)(citations omitted).

[3]Although the Court received Petitioner's § 2255 motion on September 26, 2011, Petitioner apparently placed his § 2255 motion in the prison mailing system on September 20, 2011 (CV Dkt. 1 at 13). In this circuit, a § 2255 motion is deemed "filed" when it is surrendered to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 273 (1988). Accordingly, the Court considers Petitioner's § 2255 motion filed on September 20, 2011.

one-year limitation period.

The Eleventh Circuit has held that an extension of time in which to file a § 2255 motion is warranted only if extraordinary circumstances beyond a prisoner's control make it impossible to file the motion on time. *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence. *See Diaz v. Secretary for the Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). In addressing whether a court should consider the merits of a request for federal habeas relief despite the time bar because the petitioner was unlearned in the law and unaware that there was a one-year limitations period for filing a petition for federal habeas relief, the Eleventh Circuit held that "ignorance of available post-conviction remedies cannot excuse a procedural fault." *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) (citing *McCoy v. Newsome*, 953 F.2d 1252 (11th Cir.), *cert. denied*, 504 U.S. 944 (1992); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990)).

To the extent that actual innocence may be considered as an exception to the one-year limitation period, Petitioner does not assert a colorable claim of actual innocence. Thus, the Court finds that Petitioner's § 2255 motion is time-barred.

### Conclusion

The Court finds that Petitioner's § 2255 motion was filed more than one year after his conviction became final, and for reasons discussed above, he has not demonstrated that the claims presented in the § 2255 motion should be subject to equitable tolling of the limitations period. Because the motion is time-barred, it would be improper for the Court to discuss the merits of Petitioner's claims. *See Helton v.*

*Secretary for Dep't of Corrs.*, 259 F.3d 1310, 1315 (11th Cir. 2001).

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence (CV Dkt. 1) is **DENIED**.

2. The Clerk shall enter judgment against Petitioner, terminate all pending motions, and close this case.

3. If Petitioner can show by record evidence that his § 2255 motion is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion within twenty-eight (28) days from the date of this Order.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled

to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on  October 13th, 2011.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to:
*Pro Se* Petitioner

6